NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES DAVID GORDON,

              Petitioner-Appellant,

  v.

JOE A. LIZARRAGA, Warden, Mule Creek State Prison,

              Respondent-Appellee.

No. 20-15105

D.C. No. 4:12-cv-00769-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted June 18, 2021
San Francisco, California

Before: M. SMITH and VANDYKE, Circuit Judges, and GORDON,[**] District Judge.
Concurrence by Judge VANDYKE

Defendant Gordon was charged with, and convicted of, five counts in connection with her physical and sexual violence against two victims, identified as

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

JD1 and JD2. Ms. Gordon litigated numerous post-conviction claims in California state court before filing her federal habeas petition containing twenty claims. The district court denied the petition but granted a certificate of appealability on fifteen of them. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not repeat them here except where necessary to add context to our ruling.

1. Gordon's first claim is that her pretrial statements were introduced in violation of her right to counsel under *Massiah v. United States*, 377 U.S. 201 (1964). In this case, adversarial proceedings began on April 1, 2009 when the State filed charges against Gordon. Before that date, the Sixth Amendment right to counsel had not attached, so *Massiah* does not apply to Gordon's statements elicited prior to that date. As for the statements elicited during the interrogation on April 1, 2009, Ms. Gordon waived her right to counsel when she spoke to Det. Elia after being read her *Miranda* rights. *See Montejo v. Louisiana*, 556 U.S. 778, 786 (2009).

2. Gordon next claims that the statements in her April 1, 2009 interrogation were introduced at trial in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). However, Ms. Gordon validly waived her *Miranda* rights in spite of her alleged intoxication at the time of the interrogation. The Napa County Superior Court, in state habeas proceedings after an evidentiary hearing, found that Ms. Gordon was not intoxicated to the extent that her will was overborne. Ms. Gordon has not shown

2

by clear and convincing evidence that these factual findings are incorrect. *See Medeiros v. Shimoda*, 889 F.2d 819, 823 (9th Cir. 1989).

3. Third, Gordon contends that her pretrial statements were inadmissible due to outrageous government conduct. The outrageous government conduct defense justifies dismissal "only where the government's conduct is 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *United States v. Pedrin*, 797 F.3d 792, 795–96 (9th Cir. 2015) (quoting *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011)). The facts surrounding Ms. Gordon's interrogation do not satisfy this "extremely high" standard. *See id.* at 795 (quoting *United States v. Smith*, 924 F.3d 889, 897 (9th Cir. 1992)).

4. Next, Gordon argues that her letters written from jail were introduced at trial in violation of the Fifth Amendment. This claim fails because government coercion is a gateway requirement for a Fifth Amendment violation. *United States v. Kelley*, 953 F.3d 562, 565 (9th Cir. 1992). Ms. Gordon has not rebutted—by clear and convincing evidence—the correctness of the state court's factual determinations that there was no government coercion and that the letters were written with full competence and awareness. The introduction of these letters therefore did not violate the Fifth Amendment.

5. Gordon also argues that the state habeas court contravened or unreasonably applied clearly established federal law when it held that it was constitutional to admit

evidence of Gordon's uncharged prior acts of sexual and domestic violence. But "[o]ur precedent squarely forecloses" the argument that admission of propensity evidence violates a defendant's clearly established due process rights. *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). The state court did not contravene or unreasonably apply clearly established federal law in rejecting Ms. Gordon's claim.

6. Gordon challenges the state habeas court's rejection of her ineffective assistance of trial counsel claims based on trial counsel's (1) failure to object to introduction of her pretrial statements; (2) failing to object to exclusion of impeachment evidence for testifying victims; (3) failing to conduct an adequate investigation to prepare for trial; (4) failing to litigate certain pretrial motions; and (5) failing to present the reasonable-but-mistaken consent defense. The stated objections and pretrial motions would have been futile, so counsel's performance in that regard does not satisfy the prejudice requirement for an ineffective assistance of counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is no clearly established federal right to introduce extrinsic evidence for impeachment purposes. *Nevada v. Jackson*, 569 U.S. 505, 511 (2013). And the numerous facts Ms. Gordon alleges trial counsel failed to unearth in investigation are not sufficient to support an ineffective assistance claim because none demonstrates Ms. Gordon's factual innocence or undermines confidence in the verdicts. *Reynoso v. Giurbino*, 462 F.3d 1099, 1112 (9th Cir. 2006). Furthermore,

4

Ms. Gordon's trial counsel thoroughly presented her defense of reasonable-but-mistaken belief that JD1 and JD2 consented to the sexual contact. The state court's determination was not unreasonable.

7. Gordon argues that her sentence constituted cruel and unusual punishment pursuant to the Eighth Amendment. This claim fails because Gordon supports it only with mitigation evidence, which would not have impacted the trial court's stated reasoning for the sentence it imposed. Gordon's ineffective assistance of counsel claims based on the alleged violation of the Eighth Amendment also fail accordingly.

8. Next, Gordon asserts that the state habeas court contravened or unreasonably applied clearly established federal law when it held that appellate counsel was not constitutionally ineffective for failing to challenge admitted hearsay on appeal. This claim fails because the state court held that the testimony was properly admitted under state law. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks and citation omitted).

9. Gordon argues that the state court contravened or unreasonably applied clearly established federal law when it held that the State did not violate *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence. The prosecution failed in its affirmative obligation to turn over a police interview of JD1.

However, we decline to vacate Ms. Gordon's conviction on *Brady* grounds because the state court's determination that the undisclosed evidence was cumulative of other evidence introduced at trial that impugned JD1's credibility and did not undermine confidence in the outcome was not contrary to or an unreasonable application of clearly established federal law.  *See Shelton v. Marshall*, 796 F.3d 1075, 1089 (9th Cir. 2015), *amended on reh'g*, 806 F.3d 1011 (9th Cir. 2015).

10. Finally, Gordon claims that her trial was unconstitutional due to cumulative error.  "Under traditional due process principles, cumulative error warrants habeas relief only where the errors have so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (internal quotation marks omitted).  Ms. Gordon's claims do not present errors that rise to this level.

The judgment of the district court is **AFFIRMED.**

*Charles David Gordon v. Joe A. Lizarraga*, No. 20-15105
VANDYKE, Circuit Judge, concurring:

I generally agree with the majority's memorandum disposition. I write separately only to express my view that the video evidence that Gordon characterizes under the *Brady* claim as exculpatory is not. As I see it, no reasonable jury would deem the video of the interview with JD1, considered in its entirety, as exculpatory or as impeaching JD1's testimony. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1426 (9th Cir. 1995), *as amended* (Feb. 13, 1995) ("This inference is too weak in this case to amount to exculpatory evidence.").